UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JESUSIT BERNAL-JACINTO,

Petitioner,

v.

BRUCE SCOTT, *et al.*,

Respondents.

CASE NO. 2:26-cv-04444-GJL

ORDER GRANTING HABEAS PETITION AND DIRECTING IMMEDIATE RELEASE

On November 10, 2026, Petitioner Jesusit Bernal-Jacinto, a citizen of Mexico, filed this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking immediate release from immigration detention. Dkt. 1. Respondents have filed an "Abbreviated Return," requesting that the Court "decide whether a writ should be granted based on the Petition and related filings."[1] Dkt. 7.

Upon consideration of the Petition, and Respondents' Abbreviated Return, the Court **GRANTS** the Petition (Dkt. 1), and **ORDERS** Respondents to **immediately release** Petitioner from immigration detention.

[1] The Parties have consented to proceed with this matter before a United States Magistrate Judge. Dkt. 4.

## I. DISCUSSION

Petitioner, through counsel, filed a habeas Petition on November 16, 2026. Dkt. 1. Petitioner is a citizen of Mexico who has resided in the United States for approximately twenty (20) years. *Id*. at. 2. She is the mother of three U.S. citizen children, and grandmother to two grandchildren. *Id*. at 3. She maintains a stable residence with her son in Shelton, Washington, and has been employed for years with Rivera's Shellfish LLC. *Id*. Petitioner maintains no criminal history. *Id*. at 4.

On September 22, 2026, Petitioner was arrested by immigration authorities in Bremerton, Washington, pursuant to an administrative immigration warrant. *Id*. at 2. She was transported to the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, where she remains detained. *Id*. On that same day, Petitioner was issued a Notice to Appear ("NTA") charging her with removability. *Id*. at 2–3.

Shortly after her detention, Petitioner requested a custody redetermination hearing. *Id*. at 4. On November 3, 2026, Immigration Judge ("IJ") Tammy Fitting held a bond hearing, where Petitioner presented substantial documentary evidence. *Id*. at 4–5. IJ Fitting expressly found that Petitioner was not a danger to the community, but denied bond based on a finding of flight risk. *Id*. at 5. The written Order and oral ruling contain no individualized factual findings supporting the flight-risk determination, nor do they identify or weigh the evidence the IJ relied upon to make her finding. *Id*. at 5–6 (citing V. Currie Decl.).

On October 10, 2026, Petitioner filed an application for asylum and withholding of removal, followed by an application for cancellation of removal on October 12, 2026. *Id*. at 3–4. IJ Fitting denied the applications and motion to reconsider on November 4, 2026, but granted Petitioner post-conclusion voluntary departure under safeguards. *Id*. at 4. Petitioner reserved her

right to appeal the decision to the Board of Immigration Appeals ("BIA"), and that appeal deadline expires on December 4, 2026. *Id*. Petitioner asserts she intends to file such an appeal. *Id*.

With the filing of the instant Petition, Petitioner has exercised her constitutional right to seek habeas relief from detention. *See Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004). The writ of habeas corpus protects the most fundamental of all rights—the right to speedy judicial review into the legality of an individual's detention. *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This Court thus possesses the jurisdiction to grant habeas relief to noncitizens who are being detained "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); s*ee also Lopez Marroquin v. Barr*, 955 F.3d 759, 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention").

Moreover, the American judicial system is fundamentally adversarial. It depends on the "facts and arguments" presented by the parties; the judge does not "conduct the factual and legal investigation himself." *McNeil v. Wisconsin*, 501 U.S. 171, 181 n.2 (1991). "In both civil and criminal cases, in the first instance and on appeal, we rely on the parties to frame the issues for decision." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation omitted). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id*. at 375–76 (citation modified).

Here, Petitioner maintains her detention is governed by 8 U.S.C. § 1226(a). Dkt. 1 at 3. As a detainee held under § 1226(a), Petitioner contends the bond determination was arbitrary, conclusory, reflective of an abuse of discretion, and devoid of any reasoned or individualized

analysis. *Id*. at 8–19. Further, Petitioner claims Respondents should be ordered to immediately release Petitioner because her bond hearing failed to provide the constitutionally adequate custody determination as required by due process. *Id*. at 22–24.

After the Petition was filed, on November 17, 2026, the Court issued its standard Scheduling Order directing Respondents to show cause by December 1, 2026, why the writ should not be granted. Dkt. 5. Respondents filed an Abbreviated Return that states, in total, "Pursuant to this Court's Scheduling Order (Dkt. No. 5), Federal Respondents submit that Petitioner challenges the legal sufficiency of a custody redetermination hearing they received from the immigration court. Federal Respondent[s] request that this Court decide whether a writ should be granted based on the Petition and related filings. Dkt. No. 1." Dkt. 7 at 1.

The Government has full access to the relevant facts concerning Petitioner's detention and custody redetermination hearing, yet the Abbreviated Return offers no factual or legal basis to rebut her Petition. Under these circumstances, the Court construes the Petition as intentionally unopposed. *See Singh v. Mullin*, No. 2:26-cv-4134-KKE, 2026 WL 3409217, at *2 (W.D. Wash. Nov. 10, 2026).

Petitioner has stated a plausible claim to habeas relief based on a finding that the IJ's bond determination was arbitrary and an abuse of discretion, as well as violative of due process. *See* Dkt. 1. In the absence of a response from the Government offering argument to the contrary (*see* Dkt. 7), the Court **GRANTS** the habeas Petition (Dkt. 1) and will **ORDER** Petitioner's release from custody.

## II. CONCLUSION

For the foregoing reasons, the Court **ORDERS** as follows:

1) The Petition for writ of habeas corpus (Dkt. 1) is **GRANTED**.

2) Within **ONE day** of this Order, Respondents must **release** Petitioner Jesusit Bernal-Jacinto from custody and restore her previous release conditions, if any.

3) Petitioner's counsel shall **FILE** a status report by **November 24, 2026**, confirming that Petitioner Jesusit Bernal-Jacinto has been released.

Dated this 20th day of November, 2026.

Grady J. Leupold
United States Magistrate Judge